Civil action.
On complaint.
This is a suit seeking specific performance of an option for the sale of certain real estate to the *Page 566 
plaintiff. The bill of complaint alleges that on June 18, 1945 one Walter Diggs entered into a lease with the plaintiff for a period of five years. The lease contained the following provision:
"AND IT IS FURTHER AGREED, between the party of the first part and the party of the second part hereof that if any time during the term of this lease the party of the first part decides to sell his farm he agrees to offer the same to the party of the second part for sale at the market price."
Said lease was duly recorded in the Salem County Clerk's office on February 20, 1946 in Book No. 268 of Deeds, page 161. Thereafter, and more particularly on August 5, 1947, and while the said lease was in full force and effect, the said Walter Diggs and Willie G. Diggs, his wife, conveyed said lands to Charles Bagby and Lelah Adele Bagby, without having first offered the same to plaintiff.
Defendants move to dismiss the bill of complaint for the reason that the plaintiff did not bring suit for specific performance within three months of the date of the lease, and that no lis pendens was filed in the office of the Clerk of Salem County within three months of the date of said lease, as required by the terms of R.S. 46:21-3, which reads as follows, insofar as here pertinent:
"Every hereafter recorded agreement for the sale or purchase of real estate situate in this state shall be absolutely void as against subsequent purchasers and mortgagees for value of such real estate, unless the vendee, his heirs, executors, administrators or assigns, shall commence an action for the specific performance of such agreement, or for its rescission, or for the violation of any of the covenants therein contained, and shall file a notice of the pendency of such action in the office of the county recording officer of the county in which the affected real estate is situate, setting forth the title of the cause and the general object thereof, or (b) if no date shall be fixed in such agreement for its consummation, within three months after the date of such agreement."
The sole question here involved is whether this is an "agreement for the sale or purchase of real estate" which contains no date for the consummation thereof. Plaintiff argues that the provisions of the lease do not come within the statutory definition, since this is not an agreement for the sale or purchase of real estate but is an option for an agreement. *Page 567 
In Schlein v. Gairoard, 127 N.J. Law 358,22 Atl. 2d 539, the court said at page 359:
"An option is a continuing offer upon a sufficient consideration. So long as it remains unaccepted it is a unilateral writing lacking the mutual elements of a contract, but when accepted an executory contract arises mutually binding upon the parties. The distinguishing characteristic of an option is that it imposes no binding obligation upon the person holding the option, aside from the consideration for the offer; but when the option, i.e., the continuing offer is accepted it ceases to be an option and becomes a mutually binding agreement of sale. 12 Am. Jur. 525,sec. 27."
An option for which a consideration has been given is both an offer and a unilateral contract. Williston on Contracts, vol.
5, p. 4025; 12 Am. Jur. 525.
An option to purchase real estate is not an agreement or a contract for the purchase of real estate, but is a continuing offer for the purchase or sale of real estate. The statute in question contemplates a contract for the sale of real estate and not an option to enter into such a contract. The agreement sought here to be enforced is an agreement to offer but not a mutually binding agreement for the sale of real estate. Therefore, defendants must fail in their motion to dismiss, since an option such as is contained in the lease sub judice does not meet the definition of an agreement, as contemplated by the foregoing statute.
Since the argument of said motion to dismiss, plaintiff has moved for a summary judgment on the pleadings, in accordance withR.S. 3:12-2. This motion is denied, since the defendants still have time to file an answer on the merits. *Page 568